## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**THE KAY COMPANY, LLC,**
**DIANA KILE GREEN,**
**Individually and Attorney-In-Fact**
**for the Heirs of Luther E. Kile,**
**THE H. A. ROBSON TRUST, by**
**EDWIN N. VINSON,**
**Beneficiary & Trustee of the**
**H. A. Robson Trust,**
**DAVID H. DAUGHERTY,**
**Trustee of the H. A. Robinson Trust, and**
**MARY BLAIR V. CHAPUISAT,**
**Beneficiary of the H. A. Robson Trust,**
**H. DOTSON CATHER,**
**Trustee of Diana Goff Cather Trusts,**
**CLYDE EMERSON MCCLUNG,**
**Individually, and**
**JAMES E. HAMRIC, III,**
**Individually,**

            **Plaintiffs,**

**v.**                                  **Case No. 2:06-0612**

**EQUITABLE PRODUCTION COMPANY,**

            **Defendant.**

### ANSWER TO PLAINTIFFS' COMPLAINT

      Equitable Production Company ("Equitable"), Defendant herein, by its counsel, responds

to Plaintiffs' Complaint, setting forth the following full and complete legal defense thereto:

      1.      Paragraph 1 states a conclusion of law to which no response is required.  To the

extent that a response is required, the allegations of Paragraph 1 are denied.

      2.      Paragraph 2 states a conclusion of law to which no response is required.  To the

extent that a response is required, Equitable admits that it is in the business of drilling gas wells

in West Virginia and other states and specifically denies that its principal place of business is in West Virginia and denies all other allegations of Paragraph 2.

3.     The allegations of Paragraph 3 of the Complaint are denied to the extent that they refer to written documents that speak for themselves.  To the extent a further response is required, Equitable lacks sufficient knowledge at this time to admit or deny the allegations of Paragraph 3 and therefore denies the same.

4.     Paragraph 4 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 4 are denied.

5.     Paragraph 5 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 5 are denied.

6.     Paragraph 6 states a conclusion of law to which no response is required. To the extent that a response is required, Equitable lacks sufficient knowledge to admit or deny the allegations of Paragraph 6 and therefore denies the same.

7.     The allegations of Paragraph 7 of the Complaint are denied to the extent that they refer to written documents that speak for themselves.  To the extent that a further response is required, the allegations of Paragraph 7 are denied.

8.     Paragraph 8 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 8 are denied.

9.     Paragraph 9 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 9 are denied.

10.     Paragraph 10 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 10 are denied.

11.     Paragraph 11 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 11 are denied.

12.     Paragraph 12 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 12 are denied.

13.     Paragraph 13 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 13 are denied.

14.     Paragraph 14 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 14 are denied.

15.     Paragraph 15 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 15 are denied.

16.     Paragraph 16 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 16 are denied.

17.     Paragraph 17 states a conclusion of law to which no response is required. To the extent that the allegations of Paragraph 17 address the Plaintiffs' frame of mind, Equitable is without sufficient information to admit or deny the allegations and therefore denies the same.

18.     Paragraph 18 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 18 are denied.

19.     Paragraph 19 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 19 are denied.

20.     Paragraph 20 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 20 are too vague to permit Equitable to respond and therefore Equitable denies the same.

21.     Paragraph 21 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 21 are denied.

22.     Paragraph 22 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 22 are denied.

## COUNT I

The averments of Paragraphs 1 through 22 of the within Answer are incorporated herein by reference as if the same had been set forth at length.

23.     Paragraph 23 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 23 are denied.

24.     Paragraph 24 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 24 are denied.

## COUNT II

The averments of Paragraphs 1 through 24 of the within Answer are incorporated herein by reference as if the same had been set forth at length.

25.     Paragraph 25 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 25 are denied.

26.     Paragraph 26 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 26 are denied.

## COUNT III

The averments of Paragraphs 1 through 26 of the within Answer are incorporated herein by reference as if the same had been set forth at length.

27.     Paragraph 27 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 27 are denied.

28.     Paragraph 28 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 28 are denied.

## COUNT IV

The averments of Paragraphs 1 through 28 of the within Answer are incorporated herein by reference as if the same had been set forth at length.

29.     Paragraph 29 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 29 are denied.

30.     Paragraph 30 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 30 are denied.

## COUNT V

The averments of Paragraphs 1 through 30 of the within Answer are incorporated herein by reference as if the same had been set forth at length.

31.     Paragraph 31 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 31 are denied.

32.     Paragraph 32 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 32 are denied.

33.     Paragraph 33 states a conclusion of law to which no response is required.  To the extent that a response is required, Equitable admits that it is a party to certain leases related to gas rights in West Virginia but denies the remaining allegations of Paragraph 33.

34.     Paragraph 34 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 34 are denied.

35.     Paragraph 35 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 35 are denied.

36.     Paragraph 36 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 36 are denied.

37.     Paragraph 37 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 37 are denied.

38.     Paragraph 38 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 38 are denied.

39.     Paragraph 39 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 39 are denied.

40.     Paragraph 40 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 40 are denied.

41.     Paragraph 41 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 41 are denied.

42.     Paragraph 42 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 42 are denied.

43.     Paragraph 43 states a conclusion of law to which no response is required.  To the extent that a response is required, the allegations of Paragraph 43 are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The claims of Plaintiffs, and each of them, are barred for lack of personal jurisdiction.

### SECOND DEFENSE

The claims of Plaintiffs, and each of them, are barred in whole or in part by the applicable statutes of limitations.

### THIRD DEFENSE

To the extent Plaintiffs, or any of them, sustained damages in this matter, which Equitable specifically denies, then said damages were caused by the conduct of other entities or parties over whom Equitable had no control or right of control.

### FOURTH DEFENSE

Plaintiffs, and each of them, have failed to mitigate damages.

### FIFTH DEFENSE

The claims of Plaintiffs, and each of them, are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and/or ratification.

### SIXTH DEFENSE

The claims of Plaintiffs, and each of them, are barred by failure to comply with applicable notice-and-cure requirements.

### SEVENTH DEFENSE

Plaintiffs, and each of them, have failed to state a claim upon which relief may be granted.

### EIGHTH DEFENSE

Equitable is not a fiduciary to any Plaintiff.

## NINTH DEFENSE

Equitable has acted at all times and in all respects in good faith and with due care.

## TENTH DEFENSE

Plaintiffs breached any agreement at issue prior to any alleged breach by Equitable.

## ELEVENTH DEFENSE

Any agreement at issue has been modified, by course of performance, course of dealings or otherwise, and, as such, any deductions or amounts withheld by Equitable were reasonable and appropriate under the circumstances.

## TWELFTH DEFENSE

At all times that they accepted any payments under the leases at issue, Plaintiffs, and each of them, were or should have been aware of all material facts concerning the level and calculation of any payment received and the terms of the leases.  On this basis, Plaintiffs, and each of them, are estopped and barred from maintaining this action.

## THIRTEENTH DEFENSE

Equitable has not engaged in fraudulent concealment.

## FOURTEENTH DEFENSE

Plaintiff Mary Blair V. Chapuisat, as the beneficiary of a trust, may not bring a claim on behalf of the trust or for her own interest as beneficiary of the trust.

## FIFTEENTH DEFENSE

Some or all Plaintiffs lack standing to bring the claims asserted.

## SIXTEENTH DEFENSE

The claims of Plaintiffs, and each of them, are not suitable for class treatment.

## SEVENTEENTH DEFENSE

Plaintiffs, and each of them, are not entitled to equitable relief because they have an adequate remedy at law.

## EIGHTEENTH DEFENSE

Plaintiffs, and each of them, are not entitled to attorneys' fees.

## NINETEENTH DEFENSE

Plaintiffs, and each of them, have failed to allege facts upon which an award of damages under West Virginia Code § 46A-6-101 *et seq.* may be granted.

## TWENTIETH DEFENSE

The claims of Plaintiffs, and each of them, are barred by the doctrines of accord and satisfaction.

## TWENTY-FIRST DEFENSE

The Plaintiffs have failed to join all necessary and/or indispensable parties.

## TWENTY-SECOND DEFENSE

The claims of the Plaintiffs and each of them are barred in whole or in part because of prior settlement or ratifications.

## TWENTY-THIRD DEFENSE

The Plaintiffs' claims are barred in whole or in part because purported deductions are permitted and/or required by applicable agreement or law.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' claims asserted by Plaintiffs must be reduced in whole or in part by setting off amounts owed by Plaintiffs to Equitable.

## TWENTY-FIFTH DEFENSE

The Plaintiffs' claims are barred because of the Plaintiffs' failure to comply with any necessary conditions precedent.

## TWENTY-SIXTH DEFENSE

Any and all damages claimed by Plaintiffs were not caused by the fault, lack of care, negligence or breach of duty by Equitable.

## TWENTY-SEVENTH DEFENSE

To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiffs on account of issues alleged in the Complaint, Plaintiffs are precluded from recovering damages to that extent and Equitable reserves the right to introduce into evidence payments made to or for the benefit of Plaintiffs.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part by Plaintiffs' consent to conduct forming the basis for their claims.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part on the grounds that Plaintiffs and/or Plaintiffs' predecessors or privies have released Equitable and/or Equitable's predecessors or privies from liability for damages alleged in the Complaint.

## THIRTIETH DEFENSE

Plaintiffs, and each of them, have failed to allege facts upon which an award of punitive damages may be granted.

## THIRTY-FIRST DEFENSE

Punitive damages are barred by the cruel and unusual punishment clause of the Eighth Amendment, by the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution and equivalent protections provided by the Constitution of West Virginia.

## THIRTY-SECOND DEFENSE

Any award of punitive damages is barred unless the trial is bifurcated and all punitive damage issues are tried only if and after liability on the merits has been found.

## THIRTY-THIRD DEFENSE

On the facts of this case, punitive damages are barred under the common law, statutory law and public policy of West Virginia.

## THIRTY-FOURTH DEFENSE

Equitable did not act with actual malice, reckless indifference, reckless disregard or extreme reckless conduct and, as such, any award of punitive damages is, therefore, barred.

## THIRTY-FIFTH DEFENSE

The provisions of law and practices which provide for recovery of punitive or exemplary damages violate the principles of procedural Due Process and sufficiency of notice guaranteed by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and Article 3 of the West Virginia Constitution and are thus, null, void and unenforceable. Hence, no punitive damages may be awarded.

## THIRTY-SIXTH DEFENSE

Punitive damages are a punishment, a quasi-criminal sanction for which Equitable has not been afforded the specific procedural safeguards prescribed in the Fifth and Sixth

Amendments to the United States Constitution and in the Constitutions of the State of West Virginia.

### THIRTY-SEVENTH DEFENSE

Plaintiffs are not entitled to collect an award of punitive damages from Equitable because an award of such damages could violate the excessive fines clauses of the West Virginia and United States Constitutions.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because West Virginia law regarding the standards for determining liability for, and the amount of, punitive damages fails to give Equitable prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of Equitable's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the equivalent provisions of the Constitution of the State of West Virginia.

### THIRTY-NINTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because, under West Virginia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the award is rationally related to the state's legitimate goals of deterrence and retribution, which violates Equitable's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Article 3 of the Constitution of the State of West Virginia.

### FORTIETH DEFENSE

In the alternative to the affirmative defenses set out in Paragraphs 30-39, above, any procedure to be employed in addressing claims of punitive damages must be conformed to the

principles of Due Process set out in *BMW of North America v. Gore*, 116 U.S. 1589 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 2003 U. S. Lexis 2713 (2003) and consistent with the Supreme Court's actions in *Ford Motor Co. v. Estate of Tommy Smith*, 2003 U. S. Lexis 3679, and *Ford Motor Co. v. Romo,* 2003 U. S. Lexis 3680. Applying those principles, no punitive damages may be awarded.

<u>FORTY-FIRST DEFENSE</u>

Equitable reserves the right to file further pleadings and to assert additional defenses, including affirmative defenses, and counterclaims following additional discovery and investigation of the issues raised in this action.

WHEREFORE, Defendant Equitable Production Company demands judgment against Plaintiffs: (A) dismissing the Complaint in its entirety with prejudice as against Equitable; (B) awarding Equitable the reasonable costs of this action, including reasonable attorneys' fees; and (C) granting Equitable such other and further relief as the Court deems just and proper.

Respectfully Submitted,
**EQUITABLE PRODUCTION**
**COMPANY**
By Counsel

**LEWIS, GLASSER, CASEY & ROLLINS, PLLC**

 /s/ Richard L. Gottlieb
Richard L. Gottlieb (W. Va. Bar No. 1447)
Post Office Box 1746
Charleston, WV 25326

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of August, 2006, I electronically filed the **"ANSWER TO PLAINTIFF'S COMPLAINT"** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marvin W. Masters, Esq.
The Masters Law Firm, LC
181 Summers Street
Charleston, WV 25301

Thomas W. Pettit, LC
Thomas W. Pettit, L.C.
P.O. Box 189
Barboursville, WV 25504

Michael W. Carey, Esq.
George M. Scott, Esq.
Robert E. Douglas, Esq.
Carey, Scott & Douglas, PLLC
707 Virginia Street, East
Suite 901
Charleston, WV 25301

/s/ Richard L. Gottlieb
Richard L. Gottlieb

- 14 -