IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE KAY COMPANY, LLC, DIANA
KILE GREEN, Individually and
attorney-in-fact for the Heirs of Luther
E. Kile, THE H.A. ROBINSON TRUST,
by EDWIN N. VINSON, Beneficiary &
Trustee of the H.A. Robinson Trust,
DAVID H. DAUGHERTY, Trustee of the
H.A. Robinson Trust, and MARY BLAIR
V. CHAPUISAT, Beneficiary of the H.A.
Robinson Trust, H. DOTSON CATHER,
Trustee of Diana Goff Cather Trusts,
CLYDE EMERSON MCCLUNG,
Individually, and JAMES E. HAMRIC III,
Individually,

   Plaintiffs,

v.             CIVIL ACTION NO. 2:06-0612
              Honorable Joseph R. Goodwin

EQUITABLE PRODUCTION COMPANY,
a qualified Pennsylvania corporation;
EQUITABLE RESOURCES, INC.,
a Pennsylvania corporation;
STATOIL NORTH AMERICA, INC.,
a Delaware corporation;
STATOIL ENERGY, INC.,
a Virginia corporation;
STATOIL ENERGY HOLDINGS, INC.,
a Delaware corporation; and
ASHLAND OIL, INC.,
a Kentucky corporation,

   Defendants.

## AMENDED COMPLAINT

1. This Court has original jurisdiction over this action, which was removed from the Circuit Court of Roane County, West Virginia, pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, and the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1711-1715.

2. Ashland Oil, Inc. is a Kentucky corporation and, during the period 1996 to December 31, 1999, Ashland Oil, Inc. owned, operated and controlled certain corporations, which were the lessees or assignees of leases subject in this action.

3. Ashland owned, operated and controlled Ashland Exploration, Inc., and Ashland Exploration Holdings, Inc., named lessees or assignees of leases subject in this action during the aforesaid period of 1996 to 1999. Ashland Exploration, Inc.'s name was changed to Blazer Energy Corp. on May 4, 1997, which was acquired by The Eastern Group, Inc., a Virginia corporation, on May 20, 1997; and Blazer Energy Corp. merged with Eastern States Oil & Gas, Inc., all surviving as Blazer Energy Corp., once again changing its name to Eastern States Oil & Gas, Inc.

4. At all times complained of in the period 1996 to 1999, above, Ashland Oil, Inc. directed its subsidiaries the same as departments and Ashland was the alter ego of said corporations during this period of time.

5. All of said corporations referred to above will be referred to herein collectively as "Ashland."

6. Ashland and its subsidiaries, acting for and on behalf of themselves and for Ashland Oil, Inc., had responsibilities for complying with the terms and conditions of the leases subject in this action during the period 1996 to 1999.

7. Statoil North America, Inc. is a Delaware corporation which, during certain of the time periods complained of herein, May 20, 1997 to December 31, 1999, owned, operated and controlled defendants, Statoil Energy, Inc, a Virginia corporation, and Statoil Energy Holdings, Inc., a Delaware corporation, the same as if said corporations were departments of Statoil North America, Inc. Further, Statoil Energy, Inc. owned, operated and controlled Statoil Energy Holdings, Inc., the same as if Statoil Energy Holdings, Inc. was a department.

8. At all times complained of herein, defendant, Statoil North America, Inc., was the alter ego of Statoil Energy, Inc. and Statoil Energy Holdings, Inc., and Statoil Energy Inc. was the alter ego of Statoil Energy Holdings, Inc., all of which will hereafter be referred to collectively as "Statoil."

9. Statoil, acting for and on behalf of each other, purchased Ashland Exploration, Inc. on or about March 4, 1997.

10. Ashland Exploration, Inc. changed its name to Blazer Energy Corp. on or about March 4, 1997, and was acquired by The Eastern Group, a Virginia corporation, on or about May 20, 1997, which said Blazer Energy Corp. merged with Eastern States Oil & Gas, Inc., a Virginia corporation, surviving as Blazer Energy Corp. and which changed its name again to Eastern States Oil & Gas, Inc., all of said corporations being

referred to hereinafter as "Blazer/Eastern."

11. At all times during the period of approximately March 1997 to December 31, 1999, Statoil, acting through one or more of its corporations and officers and agents, owned, operated and controlled and were alter egos of Blazer/Eastern.

12. During the period of approximately March 1997 to December 31, 1999, Blazer/Eastern, acting by and through Statoil, were lessees on the leases subject in this action and had the responsibility to see to the proper payment due under the leases to the plaintiffs.

13. On or about December 31, 1999, Equitable Resources, Inc., purchased Eastern States Oil & Gas, Inc. and Eastern States Exploration Company (Blazer/Eastern) and the duties and obligations to comply with the aforesaid leases.

14. On April 26, 2000, Eastern States Oil & Gas, Inc. changed its name to Equitable Production-Eastern States Exploration, Inc., and, on December 29, 2000, Equitable Production-Eastern States, Inc. merged with Equitable Production-Eastern States Exploration, Inc., with Equitable Production-Eastern States, Inc. surviving. Further, on or about April 30, 2001, Equitable Production-Eastern States, Inc. merged with Equitable Production Company, with Equitable Production Company surviving. All of the aforesaid corporations are hereinafter referred to as "Equitable."

15. At all times from December 31, 1999, to the present, Equitable Resources, Inc. owned, operated and controlled Equitable Production Company, and the other "Equitable" subsidiaries listed above, the same as if the said corporations were

4

departments of same, and Equitable Resources, Inc. was and is the alter ego of Equitable Production Company.

16. At all times herein complained, Equitable Production Company owned, operated and controlled the other "Equitable" subsidiaries, the same as if they were departments of Equitable Production Company, and Equitable Production Company was their alter ego.

17. During the period December 31, 1999 to the present, Equitable Resources, Inc. and Equitable Production Company had the duties and responsibilities to comply with the lease terms and conditions to your plaintiffs, and the two corporations will be hereinafter referred to collectively as "Equitable."

18. Plaintiff, The Kay Company, LLC, is located in Kanawha County, West Virginia, and at all times relevant herein was owner and lessor of that certain oil and gas lease of record in Lease Book 140 at Page 465, Lease Book 25 at Page 425, and Lease Book 17 at Page 131, in the Offices of the Clerks of the County Commissions of Kanawha, Raleigh and Boone Counties, West Virginia, and believed to be identified as Lease No. 10306 by Defendants herein; Plaintiff Diana Kile Green is a resident of Kanawha County, West Virginia, and at all times relevant herein was owner and lessor, individually and as attorney-in-fact for the heirs of Luther E. Kile, of that certain oil and gas lease of record in Lease Book 30 at Page 329, in the Office of the Clerk of the County Commission of Doddridge County, West Virginia, and believed to be identified as Lease No. 6512 by defendants herein; Plaintiffs H.A. Robson Trust, Edwin N. Vinson,

and David H. Daugherty, are residents of Cabell County, West Virginia, and Plaintiff Mary Blair V. Chapuisat, is a resident of Dallas, Pennsylvania, and at all times relevant herein were owners and lessors of that certain oil and gas lease of record in Lease Book 216 at Page 796, and Lease Book 212 at Page 533, in the Offices of the Clerks of the County Commissions of Kanawha and Fayette Counties, West Virginia, and believed to be identified as Lease No. 15843 by Defendants herein; Plaintiff H. Dotson Cather, Trustee of Diana Goff Cather Trusts, is a resident of Harrison County, West Virginia, and at all times relevant herein was owner and lessor of those certain oil and gas leases of record in Lease Book 131 at Page 470, and Lease Book 235 at Page 409A, in the Office of the Clerk of the County Commission of Gilmer County, West Virginia, and believed to be identified as Lease No. 15367 by Defendants herein; Plaintiff Clyde Emerson McClung is a resident of Roane County, West Virginia, and at all times relevant herein was owner and lessor of that certain oil and gas lease of record in Lease Book 146 at Page 588, in the Office of the Clerk of the County Commission of Roane County, West Virginia, and believed to be identified as Lease No. 9096 by Defendants herein; and Plaintiff James E. Hamric III is a resident of Wood County, West Virginia, and at all times relevant herein was owner and lessor of that certain oil and gas lease of record in Lease Book 154 at Page 50, in the Office of the Clerk of the County Commission of Wirt County, West Virginia, and believed to be identified as Lease No. 9391 by Defendants herein.

19. This action is brought for individual claims and pursuant to Rule 23 of the West Virginia Rules of Civil Procedure as a class action on behalf of the named Plaintiffs and on behalf of all West Virginia residents and others who have entered into or who are parties or beneficiaries of oil and gas leases with Defendants or with others who have assigned the duties and responsibilities of the leases to Defendants and/or which have been assumed by Defendants. Plaintiffs further assert that greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State of West Virginia and/or that the number of citizens of the State of West Virginia in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other state and the citizenship of the other members of the proposed class is dispersed among a substantial number of states; that Defendants are the sole defendants from whom significant relief is sought by members of the plaintiff class; that Defendants' alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; that the principal injuries resulting from the alleged conduct or any related conduct of Defendants were incurred in the State of West Virginia; that during relevant time periods herein, Defendants were doing business in West Virginia; that during the three years preceding the filing of Plaintiffs' class action herein, no other class action has been filed asserting the same or similar factual allegations against Defendants on behalf of Plaintiffs; that the claims asserted herein do not involve matters of national or interstate interest; that the claims asserted herein will be governed by the laws of the State of West Virginia, which has a distinct nexus with

the class members wherein the majority of all proposed plaintiff classes reside and wherein the alleged harm and alleged wrongful conduct of Defendants occurred.

20.     Defendants Statoil and their subsidiaries were agents, servants, employees and partners and/or joint venturers with each other in the exploration, production and sale of natural gas within the State of West Virginia, and had the responsibility to pay plaintiffs all moneys due and owing plaintiffs under and pursuant to the leases above.

21.     Defendant Ashland and its subsidiaries were agents, servants, employees and partners and/or joint venturers with each other in the exploration, production and sale of natural gas within the State of West Virginia, and had the responsibility to pay plaintiffs all moneys due and owing plaintiffs under and pursuant to the leases above.

22.     Defendants Equitable and their subsidiaries were agents, servants, employees and partners and/or joint venturers with each other in the exploration, production and sale of natural gas within the State of West Virginia, and had the responsibility to pay plaintiffs all moneys due and owing plaintiffs under and pursuant to the leases above.

23.     For the time period referred to above, each of defendants were responsible to account for the oil and/or gas which was removed from plaintiffs' mineral interest and to pay to plaintiffs all moneys due them.

24.     For the time period referred to above, defendants and each of them were responsible to not withhold moneys from the one-eighth royalty due each of plaintiffs.

25. Plaintiffs are owners of oil and gas rights in West Virginia, who, or whose predecessors, leased oil and gas rights to Defendants.

26. Defendants agreed, or assumed the responsibility, to pay to Plaintiffs a royalty on the gas produced from the wells on the aforesaid leases at fair value.

27. Defendants have not paid to Plaintiffs the royalties as required pursuant to said leases, and continue to not pay Plaintiffs the royalty to which they are entitled.

28. Defendants have intentionally failed and refused to pay royalties to Plaintiffs at a rate calculated on the fair value of the natural gas produced and marketed from said leases.

29. Defendants entered into a scheme and design to intentionally mislead Plaintiffs into believing they were being paid all the royalty due them by mailing to Plaintiffs documents describing the transactions between Plaintiffs and Defendants, which omitted advising Plaintiffs of the significant fact that Defendants were not paying Plaintiffs for the royalty for which it was contracted.

30. The documents sent to Plaintiffs by Defendants were incorrect and deceptive in that they omitted true and correct information, which would explain to a reasonable, prudent person that the amounts being paid were incorrect.

31. Defendants had an affirmative duty to pay to Plaintiffs the true and correct royalty due them, either by virtue of the lease agreement, by virtue of W. Va. Code Ann. § 22-6-8, and/or by virtue of the contractual duty of good faith and fair dealing in all contracts, and by virtue of the fiduciary duty and responsibility of the

lessee in any oil and gas lease who assumes the duty of handling the sales and accounting functions of the parties.

32. As part of the legal responsibilities of Defendants, they agreed to and/or had the duty to account for all of the sales of gas from said wells and to accurately account for said wells and to act as a fiduciary for Plaintiffs' moneys due to Plaintiffs as a result of royalties due to Plaintiffs.

33. Defendants intentionally violated said fiduciary responsibility.

34. Defendants intentionally violated their contractual duty to Plaintiffs.

35. Defendants concealed, suppressed, and omitted material facts with intent that Plaintiffs would rely upon same in connection with the sale of goods and services and in the transportation and other service charges associated with the sale of said gas.

36. Plaintiffs relied upon Defendants to truly, accurately, and properly carry out its contractual and fiduciary duties and responsibilities and to account to Plaintiffs for payments due to Plaintiffs and for any material deductions or reductions in royalty.

37. As a result of the aforesaid conduct of Defendants for many years prior hereto, Plaintiffs were damaged in that they were deprived of and are owed royalty payments from Defendants and are owed interest from said deficiencies in said royalty payments.

38. The acts and conduct of Defendants were willful and wanton and in utter disregard of Plaintiffs' rights.

39. At all times complained of herein, Defendants were acting for and on their own behalf and as agents, ostensible agents, servants and/or employees of others in the course and scope of their employment, agency and/or ostensible agency.

40. At all times complained of herein, Defendants were acting as conspirators with unnamed persons, firms, and corporations in common goals, schemes, and designs for the goals and purposes as herein alleged and complained of.

41. At all times complained of herein, Defendants entered into a joint venture with others and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained.

## COUNT I

42. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

43. Defendants violated and breached their contractual duties and responsibilities to Plaintiffs, and Plaintiffs were damaged thereby.

44. Plaintiffs are entitled to recover all the rents and royalties which they have been deprived of by Defendants' breach of contract.

## COUNT II

45. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

46. Defendants violated their fiduciary duties and responsibilities to Plaintiffs as aforesaid, and Plaintiffs were damaged thereby.

47. Plaintiffs are entitled to be paid their rents and royalties as described above.

## COUNT III

48. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

49. Defendants' intentional and knowing concealment deprived Plaintiffs of the rents and royalties to which they are entitled.

50. Plaintiffs were damaged by Defendants' fraudulent misconduct in that they were denied rents and royalties under the terms of their leases or as required by law.

## COUNT IV

51. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

52. The acts and conduct of Defendants violated W. Va. Code Ann. §§ 46A-6-101 et seq. by charging them bills for services and/or things which they were not required to pay.

53. As a proximate result of the unlawful conduct of Defendants, Plaintiffs were damaged in that they were deprived of rents and royalties owed them and/or are entitled to statutory damages as set forth in W. Va. Code Ann. §§ 46A-6-101 et seq., attorney's fees, costs, interest at the lawful rate, and other disbursements of this action.

## COUNT V

54. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

55. The actions of Defendants named in this "Complaint" as set forth herein above were done intentionally and with a reckless disregard for the rights of the Plaintiffs and others, including the entire class, entitling the Plaintiffs and the class to punitive damages for all causes of action alleged herein.

### COUNT VI

56. Plaintiffs incorporate all allegations above, the same as if fully restated and re-alleged.

57. This civil action is an appropriate case to be brought and prosecuted as a class action by Plaintiffs against Defendants pursuant to Rule 23 of the West Virginia Rules of Civil Procedure.

58. There exists a class of individuals like Plaintiffs who own oil and/or gas rights in West Virginia and who have entered into leases of those rights and which Defendants are the lessees or have been otherwise assigned the rights and responsibilities under and pursuant to said leases.

59. The claims of Plaintiffs are typical of the claims of the class, and the Plaintiffs will fairly and adequately protect the interests of the class with respect to the appropriate common issues of fact and law and have hired counsel competent to prosecute said action for and on behalf of the Plaintiffs and the class.

60. The prosecution of this civil action by all Plaintiffs in separate actions would create a risk of varying adjudications with respect to individual members of the class, could be dispositive of interests of other members of the class not parties and/or they may impair or impede their ability to protect their interests and/or the Defendants have acted or refused to act on grounds generally applicable to the class making declaratory or injunctive relief appropriate for the whole class.

61. The class includes hundreds of oil and gas lessors in West Virginia who have leased their oil and/or gas rights to Defendants, and the class is, therefore, so numerous that joinder of all members is impracticable.

62. There are questions of law and fact common to the class, including, but not limited to, the following:

    a. What are the appropriate deductions that Defendants may make, if any, from the rents and royalties under the aforesaid leases?

    b. Did Defendants intentionally conceal deductions from rent and royalties?

    c. Did Defendants violate W. Va. Code Ann. §§ 46A-6-101 et seq. by unfairly charging Plaintiffs and the class for goods and services in the production, transportation, and sale of the oil and gas?

    d. Did Defendants fraudulently conceal from Plaintiffs and the class the deduction from rents and royalties owed to them?

    e. Are Plaintiffs entitled to punitive damages from Defendants for

      fraudulent concealment?

    f. Are improper deductions from rents and royalties a breach of contract of the lease?

    g. Such other factual and legal issues as are apparent from the allegations and causes of action alleged above.

  63. The interest of members of the class as to common questions of law and fact in individually controlling the prosecution of separate actions does not outweigh the benefits of a class action as to those issues.

  64. The difficulties in management of this case as a class action are outweighed by the benefits it has with respect to disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum for the management of this civil action due to the number of cases filed, pending, and to be filed.

  65. The questions of law and facts common to the members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this civil action.

  66. There are many individuals in the proposed class whose claims may be so small that the individual prosecution theory would not be economically feasible.

  67. Jurisdiction and venue are proper in Roane County, West Virginia, pursuant to West Virginia law and the West Virginia Rules of Civil Procedure as Equitable does business in Roane County, West Virginia.

68. The individually named Plaintiffs are members of the class they seek to represent. The members of the class are so numerous that joinder is impracticable and would involve thousands of litigants, and the class in all other ways are similarly situated as required under Rule 23 of the West Virginia Rules of Civil Procedure and complies with the requirements thereof.

## PRAYER

WHEREFORE, your Plaintiffs and the class they seek to represent demand that they be awarded damages and equitable and affirmative relief against Defendants, jointly and/or severally, as follows:

 a. Compensatory damages and punitive damages in an amount to be determined by the Court and jury;

 b. Damages as provided for under and pursuant to W. Va. Code Ann. §§ 46A-6-101 et seq., including compensatory and punitive damages and equitable and injunctive relief;

 c. The costs and disbursements of this action, including attorney's fees;

 d. Prejudgment and postjudgment interest;

 e. Equitable and injunctive relief for providing an accounting and notice to Plaintiffs and the class;

 f. That the Court finds that this is an appropriate action to be prosecuted as a class action pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, and that the Court finds that Plaintiffs and their counsel are appropriate representatives and

16

appropriate counsel for the class, and that this action shall proceed as a class action on the common issues of law and fact, all as this Court deems just and proper; and

  g. For such other further and general relief, compensatory, punitive, equitable, or injunctive, as the Court deems just and proper.

  PLAINTIFFS DEMAND A TRIAL BY JURY.

                THE KAY COMPANY, LLC, DIANA KILE GREEN, Individually and attorney-in-fact for the Heirs of Luther E. Kile, THE H.A. ROBINSON TRUST, by EDWIN N. VINSON, Beneficiary & Trustee of the H.A. Robinson Trust, DAVID H. DAUGHERTY, Trustee of the H.A. Robinson Trust, and MARY BLAIR V. CHAPUISAT, Beneficiary of the H.A. Robinson Trust, H. DOTSON CATHER, Trustee of Diana Goff Cather Trusts, CLYDE EMERSON MCCLUNG, Individually, and JAMES E. HAMRIC III, Individually

/s/Marvin W. Masters
West Virginia State Bar # 2359
THE MASTERS LAW FIRM
181 Summers Street
Charleston, WV 25301
Telephone: (304) 342-3106

/s/Michael W. Carey
West Virginia State Bar # 635
/s/George M. Scott
West Virginia State Bar # 4678
/s/Robert E. Douglas
West Virginia State Bar # 1052
CAREY, SCOTT & DOUGLAS, PLLC
707 Virginia Street East, Suite 901
Charleston, WV 25301
Telephone: (304) 345-1234

/s/Scott S. Segal
West Virginia State Bar # 4717
/s/Mark R. Staun
West Virginia State Bar # 5728)
THE SEGAL LAW FIRM
810 Kanawha Boulevard, East
Charleston, WV 25301
Telephone: (304) 344-9100

/s/Thomas W. Pettit
Thomas W. Pettit (WVSB # 2886)
THOMAS W. PETTIT, L.C.
Post Office Box 189
Barboursville, WV  25504
Telephone:    (304) 736-8700

/s/David J. Romano
West Virginia State Bar # 3166
ROMANO LAW OFFICE
363 Washington Avenue
Clarksburg, WV 26301
Telephone: (304) 624-5600

f:\5\726\p005.doc