IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

THE KAY COMPANY, LLC, DIANA
KILE GREEN, Individually and
attorney-in-fact for the Heirs of Luther
E. Kile, THE H.A. ROBSON TRUST,
by EDWIN N. VINSON, Beneficiary &
Trustee of the H.A. Robson Trust,
DAVID H. DAUGHERTY, Trustee of the
H.A. Robson Trust, and MARY BLAIR
V. CHAPUISAT, Beneficiary of the H.A.
Robson Trust, H. DOTSON CATHER,
Trustee of Diana Goff Cather Trusts,
CLYDE EMERSON MCCLUNG,
Individually, and JAMES E. HAMRIC III,
Individually,

           Plaintiffs,                       CIVIL ACTION NO. 2:06-cv-0612

v.

EQUITABLE PRODUCTION COMPANY,
a qualified Pennsylvania corporation;
EQUITABLE RESOURCES, INC.,
a Pennsylvania corporation,

           Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiffs' Motion for Order Limiting Defendants' Discussions with Putative Class Members [Docket 92] and the defendants' Motion to Strike Plaintiffs' Request for Discovery and Evidentiary Hearing [Docket 100]. The plaintiffs filed their complaint on June 13, 2006 in the Circuit Court of Roane County alleging that the defendants breached contractual and fiduciary duties to the plaintiffs, knowingly and intentionally deprived the plaintiffs of rents and royalties to which they are entitled, and violated W. Va. Code § 46A-6-101

[Docket 3]. The defendants timely filed their notice of removal on August 7, 2006 [Docket 3]. For the following reasons the plaintiffs' motion is **DENIED**.

**I.      Background**

The plaintiffs are lessors of oil and gas rights owned by the defendants. Although the plaintiffs filed this action as a proposed class action, the class has not been certified. The plaintiffs allege that the defendants have contacted putative class members in an attempt to resolve damage claims in this case (Pls.' Mot. Order Limiting Defs.' Discussions 3). The defendants admit discussing settlement with a few large, sophisticated landowners, and allege that these landowners have access to legal counsel for purposes of the settlement negotiations (Defs.' Br. Opp'n 11). The plaintiffs ask this court to order the defendants to cease discussions with the putative class members [Docket 92]. Additionally, the plaintiffs ask that they be permitted to engage in discovery concerning the content of the communications and request an evidentiary hearing [Docket 98].

In support of this motion, plaintiffs allege that the defendants' actions are contrary to the spirit and purpose of previous agreements and orders issued in this case, that the court should exercise its power under Rule 23 of the Federal Rule of Civil Procedure to limit communication between the defendant and putative class members, and that this communication violates Rule 4.2 of the Rules of Professional Conduct.

**II.     Discussion**

        A.      Previous Agreements and Orders

The plaintiffs allege that the defendants' communication with putative class members is "contrary to the spirit and purpose" of the agreement contained in the Report of Parties' Planning Meeting [Docket 12]. The plaintiffs quote the following passages from that agreement:

> The parties agree, however, that disclosures will be in stages conducive to exploring early resolution, as explained below.
>
> . . .
>
> The parties believe that it would be beneficial for discovery to be conducted in phases, particularly since the parties wish to explore early resolution. Therefore, the parties request that they be given an opportunity to do a focused disclosure and discovery.
>
> . . .
>
> This action is suitable for designation as a complex case requiring special case management procedures and additional pretrial conferences. This case includes thousands of potential class members, royalty owners with approximately 4,500 leases, and spans a period of several years of data and documents which reflect the royalty and bases of calculating royalty for all royalty owners.

I find no support for the plaintiffs' argument in the quoted passages or in any order issued in this case. Therefore, I **FIND** that the defendants are not prohibited from communicating with the putative class members based on any previous order issued in this case.

      B.      Authority Under Rule 23 to Limit Communications

The plaintiffs next allege that the court should exercise its power under Rule 23 of the Federal Rules of Civil Procedure to limit the defendants' communication with putative class members. In *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), the Supreme Court addressed the Rule 23 power of a district court to "limit communications from named plaintiffs and their counsel to prospective class members" prior to class certification. *Id.* at 91. The Supreme Court recognized that class actions present opportunities for abuse. *Id.* at 100. Therefore, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id*.

In *Gulf Oil,* the Supreme Court rejected a total ban on communication between the plaintiff and putative class members, and held that an order that limits a party's ability to communicate with putative class members "should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. The order should be based on "a specific record showing by the moving party of the particular abuses by which it is threatened." *Id.* at 102 (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977)). The result should be "a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances," and the court must give "explicit consideration to the narrowest possible relief which would protect the respective parties." *Id.* The Court rejected the limitation the district court placed on the plaintiffs' communication with putative class members because the district court "identified nothing in [the communication] that it thought was improper and . . . gave no reasons" that supported the limitation. *Id.* at 103. Courts have applied this standard to communication between the defendant and putative class members. *See, e.g.*, *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 238 F. Supp. 2d 151, 154 (D.D.C. 2002).

Applying this standard requires that I first determine whether a limitation on the defendants' communication with putative class members is necessary. In order for the moving party to show that a limitation is necessary, "[t]wo kinds of proof are required. First, the movant must show that a particular form of communication has occurred or is threatened to occur. Second, the movant must show that the particular form of communication at issue is abusive in that it threatens the proper functioning of the litigation." *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 697-98 (S.D. Ala. 2003) (internal citations omitted). Both parties agree that the defendants have initiated communication with putative class members in an attempt to settle damage claims in this

case. Courts have recognized that, generally, a defendant may discuss settlement offers with putative class members prior to class certification. *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 213 (2d Cir. 1987) ("prior to class certification, defendants do not violate Rule 23(e) by negotiating settlements with potential members of a class"); *see also Cox Nuclear Med.*, 214 F.R.D. at 699; *Jenifer v. Del. Solid Waste Auth.*, 1999 WL 117762, 3 (D. Del. 1999). Therefore, a limiting order should not be granted based solely on allegations that the defendant wishes to communicate a settlement offer to the putative plaintiffs. For example, in *Bublitz v. E.I. duPont de Nemours and Co.*, 196 F.R.D. 545 (S.D. Iowa 2000), "[t]he only evidence in the record concerning Defendants' communications with putative class members [was] that Defendants [were] the employers of the putative class members, and wish[ed] to offer them . . . a settlement offer and have other related communications with them." *Id.* at 548. The Court held that this evidence alone did "not support a requirement that all such communications must first be approved by either the Court or Plaintiffs."[1] *Id.*

The plaintiffs must show not only that communication has occurred, but that the particular form of communication is abusive. The plaintiffs do not have to show that actual harm has occurred, but there must be some basis on which the court can rely to limit the communication. *Burrell v. Crown Cent. Petroleum, Inc*., 176 F.R.D. 239, 244 (E.D. Tex. 1997). "Abusive practices that have been considered sufficient to warrant a protective order include communications that coerce

---

[1] The court, in *Bublitz*, issued an order requiring that the defendant's communication with putative class members be in writing and filed with the court and plaintiffs because it recognized the risk of coercion present when the putative plaintiffs are at-will employees of the defendant. 196 F.R.D. at 548-49. The court also recognized that "[p]laintiffs have no right to participate in the presentation of the settlement proposal and related communications, nor do they have the right to analyze it before hand." *Id*. at 549.

prospective class members into excluding themselves from the litigation; communications that contain false, misleading or confusing statements; and communications that undermine cooperation with or confidence in class counsel." *Cox Nuclear Med.*, 214 F.R.D. at 698 (internal citations omitted).

The plaintiffs fail to provide a specific record that justifies the need to limit the defendants' discussions with putative class members. There are no allegations that the defendants have distributed false, misleading, or confusing statements. The plaintiffs have not directed the court to any evidence which indicates that the defendants have attempted to coerce putative members into excluding themselves from the class or undermined cooperation with or confidence in the plaintiffs' counsel. Claims that the defendant merely communicated a settlement offer to a putative plaintiff will not provide the basis for a limitation. Absent any specific evidence that the communication is abusive, a limitation is inappropriate.

Because the plaintiffs have failed to provide a specific record showing the particular abuses by which it is threatened, it is unnecessary to reach the question of how carefully drawn an order must be to protect the defendants' speech.

   C. West Virginia Rule of Professional Conduct 4.2

The plaintiffs additionally allege that the communication between the defendants and putative class members violates the Rules of Professional Conduct. Attorneys appearing before this court must "conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association." L. R. Civ. P. 83.7 (2006). Rule 4.2 is substantially the same in the West Virginia

Rules of Professional Conduct and the ABA Model Rules of Professional Conduct. Rule 4.2 directs that "a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." W. VA. RULES OF PROF'L CONDUCT R. 4.2. The plaintiffs allege that the defendants have violated this rule by communicating with putative class members.

The West Virginia Supreme Court of Appeals has not addressed the question of whether communication with putative class members violates Rule 4.2. The West Virginia Supreme Court has, however, previously cited with approval the Formal Opinions of the American Bar Association Committee on Ethics and Professional Responsibility when it faced an unresolved question about Rule 4.2. *State ex rel. Charleston Area Med. Ctr. v. Zakaib*, 437 S.E.2d 759, 763-64 (W. Va. 1993). The ABA Committee on Ethics and Professional Responsibility recently issued a Formal Opinion on this precise topic. ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 07-445 (2007). That opinion concluded that communication between the defendant and putative class members does not violate Model Rule 4.2. *Id.* The opinion stated:

> Before the class has been certified by a court, the lawyer for plaintiff will represent one or more persons with whom a client-lawyer relationship clearly has been established. As to persons who are potential members of a class if it is certified, however, no client-lawyer relationship has been established. A client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired. If the client has neither a consensual relationship with the lawyer nor a legal substitute for consent, there is no representation. Therefore, putative class members are not represented parties for purposes of the Model Rules prior to certification of the class and the expiration of the opt-out period.

*Id.* Additionally, this opinion reflects the majority rule that prior to class certification there is no lawyer-client relationship between the plaintiff's counsel and the putative class members. Debra Lyn Bassett, *Pre-Certification Communication Ethics in Class Actions*, 36 GA. L. REV. 353, 353-54 (2002); *see also,* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 99 cmt. l (2000) ("prior to certification, only those class members with whom the lawyer maintains a personal client-lawyer relationship are clients"). Therefore, I **FIND** that the defendants' communication with putative class members does not violate Rule 4.2 of the West Virginia Rules of Professional Conduct.

        D.        Plaintiffs' Request for Discovery and an Evidentiary Hearing

The plaintiffs additionally, request that the court grant discovery concerning the subject matter and content of the communications between the defendants and the putative class members and an evidentiary hearing subsequent to discovery [Docket 98]. The plaintiffs allege that they cannot know whether the defendants' contacts are abusive unless they are made aware of the subject matter and content of those communications. Just as the defendants are free to communicate with putative class members, so may the plaintiffs engage putative class members in communications about the defendants' contacts absent a discovery order issued by this court. Should the plaintiffs discover that defendants' communication with putative class members was abusive, a limiting order may become necessary. Therefore, the plaintiffs' request for discovery and an evidentiary hearing is **DENIED**.

The defendants' ask this court to strike the plaintiffs' request for discovery and an evidentiary hearing and to strike the plaintiffs' reply brief [Docket 100]. In light of this opinion and order, those motions are **DENIED** as moot.

Therefore, the court **FINDS** that an order limiting communication between the defendant and putative class members is not necessary. Accordingly, the plaintiff's Motion for Order Limiting Defendant's Discussions with Putative Class Members is **DENIED**.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and to publish the decision on the court's website at www.wvsd.uscourts.gov.

ENTER: September 21, 2007

Joseph R. Goodwin, Chief Judge