**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

THE KAY COMPANY, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:06-cv-00612

EQUITABLE PRODUCTION CO.,

        Defendant.

**FINAL JUDGMENT ORDER**

In accordance with the Memorandum Opinion and Final Order Approving Settlement and Certifying the Settlement Class, the court hereby **DISMISSES THE ACTION WITH PREJUDICE** and with costs to be awarded solely as provided in the Second Amended Settlement Agreement and approved by this court at a later date, except that (a) **the claims of the excluded Class Members listed in "Exhibit A" hereto shall be dismissed without prejudice**; and (b) the court shall retain jurisdiction to the extent necessary to administer and enforce the Final Settlement Agreement ("Agreement") consisting of the Second Amended Settlement Agreement as adopted in the accompanying Memorandum Opinion and Final Order Approving Settlement and Certifying the Settlement Class.  The court **BARS AND ENJOINS** all Class Members from asserting Royalty Claims arising from the period covered by this settlement against any Released Party, as those terms are defined in the Agreement, with the exception that excluded Class Members' claims shall not be barred and enjoined.  The court **ORDERS** that the Class Members' Royalty Claims against the

Released Parties are released through the Effective Date, December 8, 2008, with the exception that excluded Class Members' Royalty Claims shall not be released. The court **DECLARES, ADJUDGES, AND DECREES** that this Agreement provides the exclusive remedy for Class Members (and any successors-in-interest) with respect to any and all Royalty Claims against the Released Parties that were or could have been brought in this action. The court further **DECLARES, ADJUDGES, AND DECREES** that any excluded Class Member may bring a separate suit. The court **CERTIFIES** under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and therefore expressly directs the entry of a final judgment as to the claims of Class Members, except with respect to the Royalty Claims of excluded Class Members. The court **RESERVES** its continuing and exclusive jurisdiction over the Parties and Class Members to administer, supervise, construe, and enforce the Agreement in accordance with its terms for the mutual benefit of the Parties and Class Members. Specifically, the court **RESERVES** its continuing and exclusive jurisdiction over the Parties and Class Members to approve fee awards as provided in the Agreement. Class Counsel has filed a Motion for Award of Attorney Fees, Incentive Awards for Class Representatives, and Reimbursement of Expenses [Docket 215] which is currently under advisement and will be resolved at a later date.

      Finally, the court **ORDERS** that the Bar Date shall be ninety days following the mailing of the benefit notices and claim forms. Class Members shall have ninety days after the claim form is mailed to return a completed claim form to the Claims Administrator either confirming or disputing the content of the claim form.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 28, 2010

Joseph R. Goodwin, Chief Judge